**LAWYERS SURETY CORPORATION,**
Appellant,

v.

**INVESTORS MUTUAL OF NUECES, INC.,**
Appellee.

No. 13851.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 10, 1962.

Rehearing Denied Feb. 14, 1962.

Lawrence W. Vance, Dallas, Lewright, Dyer & Redford, Corpus Christi, Edward P. Fahey, San Antonio, for appellant.

Harold Alberts, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This suit was instituted on October 11, 1960, in the District Court of Nueces County, Texas, by Investors Mutual of Nueces, Inc., against Lawyers Surety Corporation, Automatic Transmission, Inc., and R. H.

Williams, seeking to recover the sum of $2,377.99, alleged to be due to plaintiff by defendants. On November 10, 1960, plaintiff filed a motion for summary judgment, duly supported by affidavit. The motion was set for hearing on December 1, 1960. On that date, the defendants Automatic Transmission, Inc., and R. H. Williams having made no reply to plaintiff's motion for summary judgment, the motion was granted and an interlocutory summary judgment rendered against both of these defendants. These defendants have not appealed, and such judgment as to them has become final.

Lawyers Surety Corporation did appear, and filed a written motion to postpone the hearing on the motion for a summary judgment, which motion was granted, and the hearing postponed as to it until December 16, 1960.

Lawyers Surety Corporation did not, prior to December 16, 1960, the day to which the hearing had been postponed, file an opposing affidavit, as is permitted by Rule 166–A, Texas Rules of Civil Procedure, but on that date did file its "First Amended Original Answer" alleging, among other things, "that the Investors Mutual of Nueces, Inc., did (not), within one hundred (100) days of the discovery of loss, furnish to the Defendant, Lawyers Surety Corporation, an affirmative proof of loss with full particulars in writing, including dates and items of loss, duly sworn to, and did in this respect fail to comply with Section B, Paragraph First, of said indemnity bond." This part of the amended answer was sworn to by James W. Wray, Jr., one of the attorneys for the defendant. Plaintiff's motion for summary judgment against this defendant was then granted and judgment in the sum of $2,377.99 rendered against Lawyers Surety Corporation, and the interlocutory judgment against the other two defendants was made final. Lawyers Surety Corporation alone has prosecuted this appeal.

The liability against Lawyers Surety Corporation is based upon its signing as surety an Indemnity Bond reading in part as follows:

### "INDEMNITY BOND

"WHEREAS, AUTOMATIC TRANSMISSION, INC., and R. H. WILLIAMS, both of Corpus Christi, Texas, are selling accounts receivable to INVESTORS MUTUAL OF NUECES, INC; and

"WHEREAS, protection against acts of fraud on the part of these sellers is desired;

"NOW, THEREFORE, in consideration of the premises, AUTOMATIC TRANSMISSION, INC., and R. H. WILLIAMS, as Principals, and LAWYERS SURETY CORPORATION, as Surety, hereby agree to pay unto INVESTORS MUTUAL OF NUECES, INC., within ninety (90) days after proof of loss as hereinafter set forth, the amount of all direct losses not to exceed the sum of FIVE THOUSAND ($5,000.00) DOLLARS, which the said AUTOMATIC TRANSMISSION, INC. and R. H. WILLIAMS may cause to the said INVESTORS MUTUAL OF NUECES, INC. by reason of larceny, theft, embezzlement, forgery, misapplication, wrongful abstraction, wilful misapplication or any other act of fraud or dishonesty committed by Principals during the term of one year from date hereof in connection with the transactions relating to the sale of accounts receivable, and which losses shall be discovered by the obligee before the expiration of two (2) years from the termination or cancellation of this bond, whichever shall first occur.

"This bond is executed and accepted subject to Sections A and B hereof. * * *

"SECTION B First:—Within 100 days after discovery of loss hereunder

by the Obligee, or, if a corporation, by any director thereof, or by any officer thereof, not in collusion with the Principals, the Obligee shall furnish to the Surety affirmative proof of loss with full particulars in writing, including dates and items of loss, duly sworn to.

"Second:—Legal proceedings for recovery of loss under this bond shall not be brought after the expiration of 28 months after the cause of action shall have accrued.

"IT IS FURTHER SPECIFICALLY AGREED AND UNDERSTOOD that this bond in no way guarantees the collectibility of any account receivable but covers only acts of fraud committed by Principal in connection with same."

Appellant, Lawyers Surety Corporation, contends that the court erred in granting summary judgment against it based upon the motion and affidavit filed by appellee, Investors Mutual of Nueces, Inc.

As was contemplated by the parties when the indemnity bond was executed, Investors Mutual of Nueces, Inc., purchased from R. H. Williams and Automatic Transmission, Inc., an account receivable payable by Reynolds Metals Company in the sum of $3,377.99. Thereafter this account was paid to R. H. Williams and Automatic Transmission, Inc., by Reynolds Metals Company, but the proceeds thus collected were not paid to Investors Mutual of Nueces, Inc. Appellee did not discover this defalcation on the part of Williams and Automatic Transmission, Inc., until June 7, 1960. The supporting affidavit attached to appellee's motion for summary judgment shows that thereafter they notified E. S. Prashner Insurance Company, the agent of appellant, and that thereafter the adjusting firm of Boyd & Easley undertook to adjust this matter with appellee. Thereafter Williams and Automatic Transmission, Inc., agreed to pay $1,000.00 as part payment of this defalcation, which was accepted by appellee, with the approval of all parties concerned,

and the amount of damages was thus reduced to $2,377.99.

With reference to whether or not appellant was furnished with a proof of loss, the supporting affidavit contains the following statement:

"That shortly after the 7th day of June, to-wit: on the 9th day of June, 1960, the said Firm of Boyd & Easley prepared a Proof of Loss which the Plaintiff, acting through its President, Monroe Horn, executed and delivered to the said Firm of Boyd & Easley. That thereafter, the said Lawyers' Surety Corporation corresponded with its agent, and with Boyd & Easley, the adjusters, and with the Defendant, R. H. Williams, and Automatic Transmission, Inc., all with reference to said loss and defalcation, but said Lawyers' Surety Corporation did wholly fail to correspond directly with the Plaintiff, or advise him whether they would or would not pay said claim until many weeks thereafter. That by letter dated August 19, 1960, Lawyers' Surety Corporation urged the Plaintiff Investors Mutual of Nueces, Inc. to accept a partial payment of the defalcation from Raymond H. Williams, after considerable negotiations between Lawyers Surety Corporation and the attorney for Raymond H. Williams.

"That Boyd & Easley advised the Plaintiff that Lawyers' Surety Corporation had contacted the said Firm of Boyd & Easley and that Lawyers' Surety Corporation would shortly thereafter contact the Plaintiff concerning said loss. That such notification was received on or about the 14th day of June, 1960, and that although the Plaintiff waited, he received no word directly from Lawyers' Surety Corporation whatsoever. That about the middle of June, 1960, the sworn Proof of Loss executed by Plaintiff and given to Plaintiff's agent was forwarded to Lawyers' Surety Corporation.

"That after the payment of One Thousand Dollars ($1,000.00) of the loss by R. H. Williams and Automatic Transmission, Inc., and after receiving no further direct written word from Lawyers' Surety Corporation, Plaintiff filed a second Proof of Loss, a copy of which is attached hereto and labeled Exhibit 'C'; and which Proof of Loss was sent to the Defendant, Lawyers' Surety Corporation, on the 28th day of September, 1960, and received by them on the 29th day of September, 1960.

"That at all times on and after the 8th day of June, 1960, Lawyers' Surety Corporation has been well aware of the defalcation and has never sought any additional information whatsoever from the Plaintiff, but without cause, justification or excuse, has remained silent and taken no action with reference to paying its obligation under the terms of the Bond, or acknowledging it."

The supporting affidavit filed by appellee was not replied to or contradicted by any opposing affidavit filed by appellant. The affidavit of appellee, which was unanswered, was sufficient to require the court to render the summary judgment which it did. Appellant contends that its sworn answer filed on the day the motion for summary judgment was heard, was sufficient to contradict the supporting affidavit, was sufficient to show that there were fact issues to be decided, and that summary judgment was therefore improper. We do not agree. Rule 166–A, T.R.C.P., requires in effect that opposing affidavits must be served prior to the day set for the hearing of a motion for summary judgment. The amended answer filed by appellant on the day of hearing came too late to be regarded as an opposing affidavit. Furthermore, it is signed by one of the attorneys in the case, and does not show affirmatively that the attorney was competent to testify to the matters stated therein, as is required by the Rule. It will further be noted that the allegations contained in appellant's first amended original answer do not state that no notice of loss was furnished appellant within 100 days, but only that no affirmative proof of loss with full particulars in writing, including dates and items of loss, was furnished within 100 days. Even if this allegation was considered as an opposing affidavit, it does not sufficiently contradict the affidavit of appellee to raise an issue of fact in this case, because it fails to show any injury to appellant resulting from the incompleteness of the proof of loss.

The judgment of the trial court is affirmed.