**Miles F. LECHE et al., Appellants,**

v.

**Carl H. STAUTZ et ux., Appellees.**

No. 11251.

Court of Civil Appeals of Texas.

Austin.

Jan. 13, 1965.

Rehearing Denied Feb. 3, 1965.

Appellants' Second Motion Denied
Feb. 17, 1965.

Harris, Anderson, Henley, Shields & Rhodes, Manson Harris, C. A. Searcy Miller, Dallas, for appellants.

Kuykendall & Kuykendall, Austin, for appellees.

HUGHES, Justice.

In their original petition appellants, Miles F. Leche and Julian K. Lyles, sued Carl H. Stautz and wife, Paula Stautz, alleging that they, on November 6, 1963, were the owners in fee simple of a tract of land lying in Travis County, Texas, described as follows:

"BEING a tract of land 233 feet by 263 feet out of OUTLOT 18 Division 'E,' in the City of Austin, Travis County, Texas, and being the same tract of land which is described in a deed from BERMUDA HOMES, INC. to

C. H. Stautz dated January 25, 1962, and recorded in Volume 2407, Page 447 of the Deed Records of Travis County, Texas."

Appellants further alleged that on September 28, 1963, Miles F. Leche "conveyed in writing a definite formal offer to buy the property" described above "to Carl Stautz" and that on September 29, 1963, "a revised offer was sent to appellees." Appellants alleged that on October 4, 1963, Carl H. Stautz, by telegram, "did convey his formal acceptance of such offer to buy," and that a valid contract of sale was thereby established. Appellants alleged their willingness and ability to consummate such contract, and that they have demanded performance thereof by appellees who, notwithstanding such demand, have refused to perform their obligations thereunder. Appellants prayed for judgment for the title to and possession of such property and for their damages, and in the alternative that they have specific performance of the contract alleged.

On February 26, 1964, appellees having answered appellants' suit and having pleaded the Statute of Frauds and Statute of Conveyances, Arts. 3995 and 1288, Vernon's Ann.Tex.Civ.St. respectively, filed a motion for summary judgment. This motion was set for hearing on March 12, 1964, by the Hon. Jack Roberts, Judge of such court. Appellants were duly notified of the motion for summary judgment and the order of the court setting the hearing thereon.

On March 11, 1964, appellants, without having obtained leave of the Court, filed a First Amended Original Petition making additional allegations and adding a new party defendant.

On March 12, 1964, appellees made a motion to strike appellants' First Amended Original Petititon alleging equitable grounds and noncompliance with Rule 63, Texas Rules Civ.Procedure. The trial court granted this motion.

Appellants' first two points are to the effect that the trial court erred in striking their amended petition.

Rule 63 provides, in part, that any amended pleading offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the judge is obtained.

Appellants do not contend that the trial court abused its discretion in refusing to permit them to file their amended pleading and, for this reason, we will not discuss matters relating thereto.

■ Appellants do contend that a summary judgment procceding is not a "trial" within the meaning of Rule 63, and that such rule is, therefore, not applicable. We overrule this contention, and these points, upon the authority of McCormick v. Stowe Lumber Company, 356 S.W.2d 450, Austin, Tex.C.C.A., writ ref., n. r. e.

Appellants' third, and last, point is that the court erred in granting summary take nothing judgment for appellees because "there was a material fact issue presented by the pleadings."

In their affidavit filed in support of their motion for summary judgment, appellees state that they own in fee simple the property sued for herein and have executed no conveyances of it or any portion of it to appellants or anyone else. They also state that the instruments referred to in appellants' Original Petition are the following, which we copy in full:

"141P CST SEP 28 63 DA 176    1963
SEP 28 PM 1 49 D LLN118 DL
PD  DALLAS TEX 28 100P  CST
CARL STAUTZ
    1704 EXPOSITION BLVD AUSTIN TEX
SUBJECT   TO   UNDISCLOSED
LIABILITIES OR AN SITUATION
WHICH  MATERIALLY  WOULD
EFFECT NORMAL CONSIDERATION OF PURCHASE, ALSO ASSUMING   BOARD   APPROVAL,

THIS IS A FIRM OFFER TO BUY CAPABLE OF YOUR ACCEPTENCE. TO-WIT: FOR PURPOSES OF TRANSACTION, EFFECTIVE TERMINAL DATE YOUR OWNERSHIP MISS TEXAS TO BE SEPTEMBER 30 1963 AND BARUCH–FOSTER OWNERSHIP OCTOBER 30 1963. TOTAL SALE PRICE CONSIDERATION TO YOU THE SELLER TO BE $690,-000.00 LESS NINTH MONTH EARNEST DEPOSITS OF $7875.00, MAKING NET SALE PRICE CONSIDERATION TO SELLER $682,-125.00. BUYER TO PAY LYLES AND LECHE SEPARATELY ABOVE THIS FOR SERVICES RENDERED. BUYER WILL ASSUME HOME LIFE AND BANK LOANS TOTALLING $526,000.00. PAYMENT OF YOUR NET $156,-125.00 EQUITY TO BE ALL IN BARUCH-FOSTER COMMON STOCK VALUED FOR TRANSACTION AT $1.00 PER SHARE, WITH REPURCHASE AGREEMENT EXERCISABLE BY BARUCH–FOSTER AT ITS OPTION ANYTIME WITHIN THREE YEARS FROM SALE CLOSE, SUCH REPURCHASE, IF ANY, TO BE AT $2.00 PER SHARE VALUATION. ALL VOTING RIGHTS RESIDING IN YOUR STOCK TO BE CONVEYED FOR THREE YEAR TERM TO BARUCH-FOSTER PROXY. BUYER WILL ARRANGE $50,000.00 LOAN FOR YOU SECURED BY 100,000 SHARES YOUR STOCK, WHICH CASH LOAN PROCEEDS WILL BE PAID YOU AT SALE CLOSE. LOAN TO BE FOR ANY PART THREE YEAR TERM YOU WISH. ESTIMATE WILL REQUIRE APPROXIMATELY TWO WEEKS TO CLOSE BUT PREPARED TO START LEGAL WORK MONDAY AND EXPEDITE ALL POSSIBLE. IF THIS OFFER IS SATISFACTORY, WIRE ME YOUR IMMEDIATE ACCEPTANCE

MILES F LECHE

954P CST SEP 29 63 DA114
1963 SEP 29 PM 10 17 F LSQ230 NL
PD DALLAS TEX 29
CARL STAUTZ, DLR DONT PHONE
1704 EXPOSITIONS BLVD AUSTIN TEX
SUBJECT TO UNDISCLOSED LIABILITIES OR ANY SITUATION WHICH WOULD MATERIALLY AFFECT NORMAL PURCHASE CONSIDERATION, ALSO ASSUMING BOARD APPROVAL, THIS IS A FIRM OFFER CAPABLE OF YOUR ACCEPTANCE. TO-WIT: EFFECTIVE TERMINAL DATE YOUR OWNERSHIP MISS TEXAS TO BE OCTOBER 30TH, 1963, WITH UNDERSTANDING YOU WILL COLLECT OCTOBER RENTS BUT PAY CURRENTLY ALL MISS TEXAS OCTOBER OPERATING BILLS, INCLUDING MONTHLY PAYMENT HOME LIFE INSURANCE COMPANY AND ALL OBLIGATIONS OTHERWISE OUTSTANDING IN ORDINARY COURSE OF BUSINESS, RETAINING FOR YOURSELF THE RESIDUE THEREFROM. TOTAL SALE PRICE CONSIDERATION TO YOU THE SELLER TO BE $690,000 LESS NINTH MONTH EARNEST DEPOSITS OF $7,875, MAKING NET SALE PRICE CONSIDERATION TO SELLER $682,125. BUYER TO PAY LYLES AND LECHE SEPERATELY ABOVE THIS FOR SERVICES RENDERED. BUYER WILL ASSUME HOME LIFE AND BANK LOANS AGGREGATING $526,000 MORE OR LESS. PAYMENT OF YOUR NET $156,125 EQUITY TO BE ALL IN BARUCH-FOSTER

COMMON STOCK, VALUED FOR PURPOSES THIS TRANSACTION AT $1.00 PER SHARE, WITH RE-PURCHASE AGREEMENT EXER-CISABLE AT ITS OPTION BY BARUCH-FOSTER OR ITS PROXY ANYTIME WITHIN THREE YEARS FROM SALE CLOSING, SUCH REPURCHASE, IF ANY, TO BE AT $2.00 PER SHARE VALUATION. ALL VOT-ING RIGHTS RESIDING IN YOUR STOCK TO BE CONVEYED FOR THREE YEAR TERM TO BA-RUCH-FOSTER PROXY. BUYER WILL ARRANGE $50,000 BANK LOAN FOR YOU SECURED BY 75,000 SHARES YOUR STOCK, WHICH CASH LOAN PROCEEDS WILL BE PAID YOU ON SIGN-ING CONTRACT AT SALE CLOS-ING. LOAN TO BE FOR ANY PART THREE YEAR TERM YOU WISH. IN VIEW LEGAL WORK, ABSTRACTS, ET CETERA, IN-VOLVED, WILL START ATTOR-NEYS WORKING MONDAY TO EXPEDITE CLOSING ALL POS-SIBLE SPEED IF THIS OFFER SATISFACTORY AND YOU WIRE ME YOUR ACCEPTENCE FORTH-WITH.

MILES F. LECHE"

Appellants answered the motion for summary judgment and attached an affidavit of Miles F. Leche in support, the substantial portions of which we copy:

"1. That on or about the 15th day of June, 1963, CARL H. STAUTZ delivered to Plaintiffs a written brochure containing a letter, cost estimates, metes and bounds description of the property, economic analyses, a map of the immediate area around the property and pictures, all in description of the property described as 'MISS TEXAS.' That said property described as 'MISS

TEXAS' was the only real estate in Travis County, Texas owned or claimed by the Defendants, CARL H. STAUTZ, and PAULA STAUTZ, under the name of 'MISS TEXAS;' that at no time during the negotiations did the Defendants, CARL H. STAUTZ and PAULA STAUTZ, claim to own a battleship by the name of 'MISS TEX-AS' or any other name; that at no time during the negotiations did the Defendants, CARL H. STAUTZ, and PAULA STAUTZ, claim to own a beauty contest by the name of 'MISS TEXAS;' that at no time did the negotiations pertain to any property owned by the Defendants, CARL H. STAUTZ and PAULA STAUTZ, other than the said real estate located in Travis County, Texas.

"2. That all future agreements were legally completed before November 7, 1963; that the loan agreement was completed or to be completed in accordance with the wish of the Defendants, CARL H. STAUTZ and PAULA STAUTZ; that Emil Heygi, President of Baruch-Foster Corporation, had the approval of the Board at all times up to November 7, 1963."

This affidavit also affirms the truthfulness of all allegations contained in appellants' answer to the motion for summary judgment. One of these allegations is the following:

"That nowhere in Defendants' Answer of affidavit is there any statement which negatives the fact that the contract is based upon the letter, metes and bounds description of the premises, cost estimates, economic analysis, maps and pictures of 'MISS TEXAS' delivered by the Defendant CARL H. STAUTZ, to Plaintiffs on or about June 15, 1963, and the telegrams from MILES F. LECHE to CARL H. STAUTZ dated September 28 and

September 29, 1963, and the telegram from CARL H. STAUTZ to MILES F. LECHE dated October 3, 1963 and the letter from F. L. Kuykendall to Baruch-Foster Corporation dated October 3, 1963 and the letter from CARL H. STAUTZ to Baruch-Foster Corporation dated October 4, 1963."

We do not find in the record the letter and other documents and exhibits referred to in the above pleading as having been delivered to appellees on or about June 15, 1963. Nor do we find in the admissible record the letter from Carl H. Stautz to Baruch-Foster Corporation dated October 4, 1963.

The contract then, if there is a valid contract, between the parties, must be determined by an examination of the telegrams between the parties which constitute the offer by appellants and the acceptance of such offer by appellees to determine if there has been a valid offer and acceptance.

■■ We need not closely examine the telegrams in search of all the elements of a valid contract for the sale of real property because their cursory examination fails to disclose any description of the property which appellants contend was the subject matter of the contract, nor do such telegrams refer to any writing then in existence wherein such description could be found. Such contract was, therefore, unenforceable under the Statute of Frauds. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150. This case also holds that damage for breach of a contract for the sale of realty which contains an insufficient description of the property under the Statute of Frauds cannot be recovered.

The judgment of the trial court is affirmed.

Affirmed.

On Motion for Rehearing

Appellants now contend that the trial court abused his discretion in refusing to permit the filing of an amended pleading the day before the date for hearing the motion for summary judgment.

A previous suit was filed by appellants against appellees on November 7, 1963, just one hour before a conference was to be held between Mr. Stautz and the president of Baruch-Foster regarding the sale of the subject property. Appellants knew of this conference and were denied admission to it. In such suit a lis pendens was filed. This had the effect of blocking the negotiations for sale of the property. Baruch-Foster was not made a party to such suit.

In such suit appellants sought to delay the taking of appellant Lyles' depositions. When the case was called for trial, they sought a continuance, which was denied. They then took a non-suit, and seventeen minutes later refiled their suit. Baruch-Foster was not made a party to this suit. Only in the amended petition filed March 11, 1964, the day before the date for hearing the motion for summary judgment, was Baruch-Foster made a party. If such pleading had not been stricken by the Court, further delay in the trial of this cause would have ensued.

■ Other tactics of a dilatory nature are disclosed by the record as having been employed by appellants to delay the trial of this case. We conclude from the facts which we have recited that no abuse of discretion by the trial court in striking the Amended Petition is shown.

The motion is overruled.

Motion overruled.