**A. H. CRAIG, Appellant,**

v.

**GENIE TOYS, INC., Appellee.**

No. 15505.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

July 11, 1969.

Rehearing Denied Sept. 11, 1969.

McClure & Sharpe, Michael G. Fortado, Houston, for appellant.

Presley E. Werlein, Jr., Houston, for appellee.

COLEMAN, Justice.

This is a suit on a sworn account. After a trial to the court without a jury, judgment was rendered for the plaintiff in the amount of the account plus interest and attorney's fees.

It is appellant's basic contention that the judgment rendered by the trial court is not supported by competent evidence. Since appellee's petition contains an account sworn to as provided by Rule 185, Texas Rules of Civil Procedure, the account is prima facie evidence that the claim is just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, unless appellant's answer contains a written denial, under oath, stating that "such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust." Akins v. Coffee, 376

S.W.2d 953 (Tex.Civ.App.–Dallas, 1964, error dism'd); Wilson v. Clarke Floor Mach. Co., 380 S.W.2d 768 (Tex.Civ.App.–Eastland, 1964).

The answer filed by appellant contained a general denial followed by this allegation: "Defendant says there was a failure of consideration either wholly or in part and the amount prayed for in Plaintiff's original petition is not just or true."

In the affidavit attached to the answer the appellant states: " * * * the allegation contained in Defendant's Original Answer of A. H. Craig is, within the knowledge of said Affiant, true and correct and that the amount prayed for in Plaintiff's Original Petition is not due either wholly or in part."

Nowhere does appellant state that the *claim* is not just or true *in whole or in part*. He states that the consideration failed either wholly or in part, and that the *amount prayed for* is not just or true. He did not state that the amount prayed for was not just or true wholly or that it was not just or true in part. The statement in the affidavit that the amount prayed for is not *due* either wholly or in part cannot be considered equivalent to a statement that the *claim* is not *just* or *true* in whole or in part. The necessity for such an allegation is emphasized by the fact that the prayer in plaintiff's petition asks for the amount of the claim, attorney's fee in the amount of $250.00, interest and costs of court.

Appellant's denial does not substantially comply with the requirements of Rule 185 and is insufficient to require appellee to submit proof of his claim. Rule 185 provides in such a case that the Defendant shall not be permitted to deny the claim. Glasco v. Frazer, 225 S.W.2d 633 (Tex.Civ.App.–Dallas, 1950, error dism'd); Herrin v. Kelley, 429 S.W.2d 195 (Tex.Civ.App.–Waco, 1968); Dina Pak Corp. v. May Aluminum, Inc., 417 S.W.2d 419 (Tex.Civ.App.–Corpus Christi, 1967).

The judgment of the trial court is affirmed.