**C. R. BRUCE, Appellant,**

**v.**

**L. M. McADOO, d/b/a McAdoo Chevrolet Company, Appellee.**

**No. 6468.**

Court of Civil Appeals of Texas, El Paso.

Nov. 5, 1975.

Stephen L. Haley, Seminole, for appellant.

Joe K. McGill, Seminole, for appellee.

## OPINION

OSBORN, Justice.

This is an appeal from a summary judgment based upon a sworn account for vehicle repairs filed under the provisions of Rule 185, Tex.R.Civ.P. The Appellant having failed to timely file a sworn denial as required by such Rule, the Trial Court entered judgment for Appellee and we affirm that judgment.

The Appellee filed its sworn petition, with attached accounts for services rendered and material furnished, on December 4, 1970. The Appellant replied with a sworn general denial on January 25, 1971. On January 14, 1974, Appellant sent the Clerk a jury fee. On February 5, 1974, Appellee filed a Motion for Summary Judgment based upon its original petition, and the Trial Court set the Motion for hearing ten days later. The hearing was delayed, and on February 18, 1974, Appellant filed another sworn answer which contained neither a general denial nor any sworn denial as provided for in Rule 185. This answer did contain certain affirmative pleadings as a defense to the alleged debt, and in particular set forth that all of the repair work performed by Appellee was covered by a General Motors warranty, and further alleged that the work performed was to be paid for by the warranty and not by reason of any agreement or promise of Appellant. On the same day, Appellant also filed Defendant's Response to Plaintiff's Motion for Summary Judgment alleging that there were fact issues for determination in the case.

On the date of the hearing, April 4, 1975, Appellant filed his Second Amended Original Answer along with his affidavit and another affidavit which had been executed in February, 1974. This amended pleading did deny under oath each and every item in plaintiff's petition, and stated that such allegations were not true and just, and denied indebtedness for any item alleged or claimed by the plaintiff. The Trial Court granted Appellee's Motion and in the order "* * * the Court finds that Plaintiff's suit is founded upon a Sworn Account, but that the Defendant has failed to file an Answer in compliance with Rule 185, Texas Rules of Civil Procedure, and that no such Answer has been timely tendered; it is, therefore, ORDERED that such Answer not be filed in the record of this cause."

The Appellant presents five Points of Error in which he contends that the Trial Court erred in granting summary judgment on a cause of action which did not arise out of an open account, and on which there existed fact issues, and further, contends that the Trial Court erred in disregarding and not considering his sworn denial of Appellee's account.

**356**

▮ Rule 185 makes the sworn account prima facie evidence of the debt. And if a sworn denial in the terms of the Rule is not filed, a party " * * * shall not be permitted to deny the claim, or any item therein, * * *." Rule 185, Tex.R.Civ.P.; *Craig v. Genie Toys, Inc.*, 444 S.W.2d 309 (Tex.Civ.App.—Houston (1st Dist.) 1969, no writ). Failure to comply with the Rule by an answering party amounts to an admission that the account is correct, and therefore no issue of fact is presented. *Akins v. Coffee*, 376 S.W.2d 953 (Tex.Civ.App.—Dallas 1964, writ dism'd). In *Collins v. Kent-Coffey Manufacturing Company*, 380 S.W.2d 59 (Tex.Civ.App.—Eastland 1964, writ ref'd), the Court said:

" * * * Appellant, having failed to 'file such affidavit', as required by Rule 185, he could not deny appellee's claim and there was no genuine issue of material fact as to whether appellant was lawfully chargeable with a portion of the account or whether he was entitled to the alleged offset. * * *

"Appellant having failed to verify his allegations, a summary judgment for appellee was properly rendered under Texas R.C.P. 166–A."

The Trial Court having refused to consider the Second Amended Answer, there was no answer filed in compliance with Rule 185 and Appellee was entitled to have its Motion for Summary Judgment, based upon a sworn account, granted. The Appellant's Points of Error one, two and five are overruled.

▮ The only remaining question is whether the trial Court erred in refusing to consider the Second Amended Original Answer which Appellant did actually file on the date of the hearing. We conclude that the Trial Court did not err on this issue of the case. Rule 63, Tex.R.Civ.P., requires amended pleadings to be filed seven days before trial unless leave of court is granted for a later filing. Rule 166–A, Tex.R. Civ.P., requires that affidavits opposing a motion for summary judgment be filed on the day prior to the hearing. In *Morris v. Jones*, 403 S.W.2d 855 (Tex.Civ.App.—Beaumont 1966, writ ref'd n. r. e.), the Court held that there was no abuse of discretion on the part of the trial court in refusing to allow the filing of an amended answer eighteen months after the original answer, containing only a general denial, was filed. In our case, the amended answer was presented more than four years after the original answer and more than a year after the first amended answer.

This question is adequately answered in *Jones v. Houston Materials Company*, 477 S.W.2d 694 (Tex.Civ.App.—Houston (14th Dist.) 1972, no writ) where the Court said:

" * * * At the outset it is apparent that the filing of defendant's first amended original answer on the day the summary judgment was set for consideration was not timely. 166–A(c), Tex.R. Civ.P.; *General Motors Acceptance Corporation v. Musick*, 379 S.W.2d 297 (Tex. Sup.1964); *Lawyers Surety Corp. v. Investors Mut. of Nueces, Inc.*, 353 S.W.2d 882 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.). A summary judgment proceeding is a trial within the meaning of Rule 63, Tex.R.Civ.P., which provides that amended pleadings offered within seven days of date of trial or thereafter shall be filed only after leave of the judge is obtained. *Leche v. Stautz*, 386 S.W.2d 872 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.)."

The Appellant's third and fourth Points of Error are overruled. The judgment of the Trial Court is affirmed.