**TRANSAMERICA INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**PRICE CONSTRUCTION, INC., et al., Appellees.**

No. 5311.

Court of Civil Appeals of Texas, Eastland.

Feb. 22, 1979.

Rodney W. Satterwhite, Midland, for appellant.

Drew Mouton, Big Spring, for appellees.

BROWN, Justice.

Transamerica Insurance Company of Texas attempts to appeal an order overruling its plea of privilege. Price Construction, Inc. and A. A. Price, individually, do not contest appellant's request for extension of time to file the transcript and statement of facts. The request for extension of time must be overruled, and the appeal is dismissed.

The judgment of the trial court overruling the plea of privilege was signed and entered on December 20, 1978. Transamerica timely filed an appeal bond with the District Clerk and on January 24, 1979, filed its motion in this court for an extension of time to file the transcript and statement of facts.

Rule 385 in part provides:

Appeals from interlocutory orders (when allowed by law) may be taken by

(a) Filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, in an amount and to be approved and conditioned as required by the rules governing appeals generally; and

(b) Filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof.

The time limits imposed by Rule 385(b) are mandatory and jurisdictional. *State v. Gibson's Distributing Company,* 436 S.W.2d 122 (Tex.1968).

The motion for extension of time filed by appellant fully complies with Rule 21c, T.R.C.P., which provides in part:

An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts motion for rehearing, or application to the supreme court for writ of error, if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules.

We hold, however, such rule has no application in appeals from interlocutory orders. The court in *Trial v. McCoy,* 535 S.W.2d 681 (Tex.Civ.App.—El Paso 1976, no writ) said:

It is the holding of this Court that Rule 21c does not apply to transcripts and statement of facts filed under Rule 385,

. . .

Cf. *State ex rel. Watkins v. Morgan,* 555 S.W.2d 217 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.) (Appeals in Quo Warranto Proceedings—Rule 384, T.R.C.P.).

Rule 385, T.R.C.P., sets forth a timetable specially governing appeals from interlocutory orders. When a general statute or rule and a specific statute or rule conflict, the specific controls over the general.

*Sam Bassett Lumber Co. v. City of Houston,* 145 Tex. 492, 198 S.W.2d 879 (1947).

The twenty-fifth day from the judgment overruling the plea of privilege was Sunday, January 15, 1979. Appellant, therefore, had until Monday, January 16, 1979, to file its motion. The motion requesting the extension was eight days late. We have no jurisdiction to grant the motion or to consider the appeal. *Williams v. Pitts,* 151 Tex. 408, 251 S.W.2d 148 (1952).

The motion for extension of time to file transcript and statement of facts is overruled. Since the transcript has not been timely filed, this appeal is dismissed for want of jurisdiction.