**MAGNOLIA FRUIT & PRODUCE COMPANY, INC., Appellant,**

v.

**UNICOPY CORPORATION OF TEXAS, Appellee.**

**No. 12–81–0076–CV.**

Court of Appeals of Texas, Tyler.

April 7, 1983.

---

James C. Boone, Jr., Boone & Hanks, Palestine, for appellant.

C. Michael Black, Houston, for appellee.

COLLEY, Justice.

Appellee (plaintiff below) brought suit on a sworn account against appellant (defendant below). The trial court rendered a summary judgment against appellant on appellee's motion for judgment on the pleadings.

Appellant presents three points of error. Its first point claims trial court error in rendering the summary judgment and not considering the sworn pleadings of the defendant on file at the time of the hearing on the summary judgment motion. Our examination of the transcript shows the following facts.

On November 4, 1980, appellee filed suit on the sworn account and on December 9, 1980, appellant filed a general denial (unsworn). On December 17, 1980, appellee filed a motion for summary judgment seeking judgment on the pleadings and alleging that appellant's pleadings "... were insufficient as a matter of law." The only summary judgment evidence presented by ap-

pellee was the opinion of its attorney expressed in an appropriate affidavit attached to the motion for summary judgment that $750 was a reasonable attorney's fee for the services rendered to the appellee in the suit. A hearing was set on the summary judgment motion for January 20, 1981; also on December 15, 1980, the trial court signed an order at appellee's request setting the case down for a nonjury trial for February 19, 1981.

On January 16, 1981, appellant filed a response to the motion for summary judgment and its first amended original answer both verified by the affidavit of its president, Mr. Kenneth Faour. On February 12, 1981, appellee filed a "motion for entry of judgment" upon which a hearing was scheduled by the court for February 19, 1981 (which was in fact the trial date set earlier by the trial judge). On February 19, 1981, appellant filed its answer to appellee's motion for judgment. On March 26, 1981, summary judgment was signed by the trial court reciting that on January 20, 1981, the court heard the motion for summary judgment, and further reciting:

> The Court, having examined the pleadings and the summary judgment evidence and having heard the arguments of counsel, finds that the only pleadings before the Court for consideration are Plaintiff's Original Petition, the Defendant's Original Answer and the Plaintiff's Motion for Summary Judgment. Although there are other pleadings which have been marked as filed of record in this cause, the Court has not been requested to grant, nor has it given, leave to file these instruments as required by Rule 166A(c), Tex.R.Civ.Proc. The Court finds that Plaintiff Unicopy Corporation of Texas is entitled to a final summary judgment in its favor.

Thus, it clearly appears that the trial judge did not consider appellant's first amended original answer which was filed on January 16, 1981, four days before the date of the hearing set on appellant's motion for summary judgment.

Appellant argues that the sworn denial contained in its first amended original an-

swer was timely filed under the provisions of Rule 185, Tex.R.Civ.P.[1] Appellee contends that Rule 166A(c) controls and, absent leave of court, the pleadings were filed too late. Rule 185 provides a procedure whereby a sworn account within the scope of the rule, properly verified under the rule, operates to create a prima facie case (right to recover on the account as pleaded) which, if not countered by sworn denial of the adversary, authorizes a judgment on the pleadings for the party filing the account; however, where a proper sworn denial is filed against the account under the requirements of said rule, the party pleading the account is put to proof of same. *Davis v. Gilmore, et al.,* 244 S.W.2d 671 (Tex.Civ.App.—San Antonio 1951, writ ref'd).

We have concluded from our examination of the transcript that appellant's first amended original answer was sufficient under Rule 185 to put the appellee to proof of the account sued on. Appellee does not challenge the sufficiency of such denial.

It is undisputed that such sworn denial was filed four days before the day of the hearing of the motion for summary judgment and thus our decision on the first point turns on whether Rule 185, which authorizes the filing of a sworn denial as late as the day of trial, but before announcement of "ready" by the party, or Rule 63 and the seven-day rule applies.

Appellee contends that Rule 166A(c) controls the time for filing the amended pleading. We disagree. Subdivision (c) of Rule 166A reads in pertinent part: "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." It is clear from this language that the same governs responses to the motion for summary judgment and not pleadings in the case itself.

Rule 63 requires a party to file amended pleadings more than seven days before trial, but if he fails to do so, the rule provides that the court should grant him leave to file such within the seven-day period unless such amended pleadings would constitute a

surprise to the adverse party. An apparent conflict exists between the provisions of Rule 185 and Rule 63 in this situation, i.e., where a contractual cause of action is asserted and is supported by a Rule 185 sworn account, and upon which the appellee filed and urged a motion for summary judgment *on the pleadings,* because no sworn denial was filed as required by Rule 185. It seems to us somewhat illogical for a party to seek relief by summary judgment on the grounds of a failure of his adversary to comply with Rule 185, and thereafter contend that the party charged with such failure cannot cure the same by subsequent timely *compliance* with the same rule.

Our research has not turned up any case where the question here posed has been the subject of review by our Supreme Court. We did, however, examine two cases in which the question was presented.

The most recent case is *Bruce v. McAdoo,* 531 S.W.2d 354 (Tex.Civ.App.—El Paso 1975, no writ). We have carefully read that opinion and while it is not entirely clear from the opinion, it appears that the defendant filed a sworn denial to plaintiff's sworn account on the day of the hearing of plaintiff's motion for summary judgment before the defendant announced ready for trial on the motion. The El Paso court, in an earlier part of its opinion, stated, "The appellant's having failed to timely file a sworn denial as required by such rule [Rule 185] the trial court entered judgment for appellee and we affirm that judgment." The court actually applied Rule 63 and held that the sworn denial filed on the day of trial but before announcement of ready was untimely under the provisions of Rule 63; that leave of court to file such pleading was required and that the trial court did not abuse its discretion or err in disregarding the sworn denial. The *Bruce v. McAdoo* court disregarded the provisions of Rule 185 providing for a filing time frame for the counter-affidavit of defendant therein. In *Bruce v. McAddo, supra,* the court cited *Jones v. Houston Materials Co.,* 477 S.W.2d

1. All reference to rules are to the Texas Rules of Civil Procedure unless otherwise indicated.

694 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ), as supporting its decision. Actually, the court in *Jones* reversed the summary judgment in favor of the plaintiff on his sworn account suit, holding that the sworn denial filed by the defendant on the day of trial, though untimely filed, was before the court because the record did not demonstrate that the trial court had disregarded or stricken the pleadings, and that therefore pleadings filed by the defendant precluded the entry of the summary judgment which was apparently sought because of the absence of a sworn denial to the action on the sworn account. By way of dicta, Justice Johnson wrote in *Jones*, "It is apparent that . . . filing of defendant's first amended answer on the day the summary judgment was set for consideration was not timely," citing Rule 166A(c); *General Motors Acceptance Corp. v. Musick*, 379 S.W.2d 297 (Tex.1964); and *Lawyers Surety Corp. v. Investors Mutual of Nueces, Inc.*, 353 S.W.2d 882 (Tex.Civ.App.—San Antonio 1962, writ ref'd n.r.e.). None of the cases cited by Justice Johnson involve sworn account suits and therefore do not constitute any authority that in sworn account/summary judgment cases Rule 63 controls the time frame for filing sworn denials, and certainly do not constitute authority that the provisions of Rule 166A(c) control filings of *pleadings* in sworn account/summary judgment suits.

Other than *Bruce v. McAdoo, supra*, we have found no Texas case in which there was presented for decision the question here posed, that is, where a party bringing suit on a sworn account files a motion for summary judgment on the sole ground that the nonmovant's pleading is insufficient under Rule 185 (no proper sworn denial filed), is the nonmovant thereafter entitled under Rule 185 to amend and file a proper sworn denial at any time as authorized by Rule 185, or is he limited without leave of court to filing such sworn denial more than seven days before the date of hearing (trial) of the summary judgment motion? The court in *Bruce v. McAdoo, supra*, holds that Rule 63 controls the time for filing pleadings in such a situation. *Id.*, at 356. We believe

such decision to be erroneous for the reasons hereinafter stated and respectfully decline to follow the same.

We are presented with two rules dealing with pleading requirements, one is general (Rule 63 applicable to all civil cases) and one is specific or special (Rule 185 applicable to sworn accounts). It has long been the rule of construction in Texas (see, *Perez v. Perez*, 59 Tex. 322 (1883)) regarding the application of the law that where a general statute and a special statute for a particular class or set of facts are in apparent conflict, the general must yield to the specific insofar as the particular class (set of facts) is concerned. This rule is founded on the principle that *all* acts and parts thereof must stand, if possible, each to occupy its proper place and that legislative intent is more clearly shown by the special act rather than by the general one. The special act is regarded as a qualification of, or an exception to, the general act on the particular set of facts, subject or class involved, which is the subject matter of the specific act. *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879 (1947); *Townsend v. Terrell*, 118 Tex. 463, 16 S.W.2d 1063 (Comm. of App.1929, opinion adopted). Such rule of construction in the application of the law applies as well to the rules of civil procedure. *TransAmerica Ins. Co., Etc. v. Price Construction*, 577 S.W.2d 578 (Tex.Civ.App.—Eastland 1979, no writ); *State ex rel. Watkins v. Morgan*, 555 S.W.2d 217 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.). By applying said rule of construction in this case, we conclude that the trial court erred in rendering the summary judgment against the appellant on the sole ground that the appellant's pleadings were insufficient as a matter of law. The sworn denial filed by the appellant against the account sued on by the appellee was timely filed and was sufficient under Rule 185, as we have earlier said, to put the appellee to proof of its account. *Burtis v. Butler Bros.*, 243 S.W.2d 235 (Tex.Civ.App. —Dallas 1951, no writ). Appellant's first point is sustained.

Moreover, the amended answer of appellant was filed four days before the date of the hearing on the motion for summary judgment, and the transcript shows that appellant had previously denied the account and that the case was set by the trial court for a trial on the nonjury docket for February 19, 1981, by order of the trial judge signed on December 15, 1980. The filing of the amended sworn answer denying the account could hardly operate as a surprise to appellee, and thus, even if Rule 63 controlled the time of the filing of such amended pleading, the trial court abused its discretion in disregarding the sworn denial incorporated in appellant's amended original answer which abuse would likewise require a reversal of the judgment below in the interest of justice. *Kolb v. Texas Employers Ins. Assoc.*, 585 S.W.2d 870 (Tex.Civ. App.—Texarkana 1979, writ ref'd n.r.e.).

In view of our decision on point 1, we do not address appellant's points 2 and 3.

The judgment is reversed and the cause remanded.