Clarence Glen LOVE, Sr., and Clarence
Glen Love, Jr., Appellants,

v.

Joe SNEED, Appellee.

No. 3–90–100–CV.

Court of Appeals of Texas,
Austin.

Jan. 16, 1991.

William H. Ervine, Jr., Houston, for appellants.

Joe Sneed, Austin, pro se.

Before CARROLL, C.J., and
ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellants Clarence Love, Sr., and Clarence Love, Jr., appeal the trial court's order granting summary judgment in favor of appellee Joe Sneed. Appellee sued appellants on a sworn account, claiming that appellants owed him money for services he rendered as their attorney. In a single point of error, appellants argue that the trial court erred in disregarding the sworn denial which they filed on the day of the summary judgment hearing without leave of court.

In October 1989, appellee filed his sworn petition and, in November 1989, filed an amended sworn petition. On January 25, 1990, appellants filed a denial. Appellants' attorney verified this denial, but did not swear that its contents were within his knowledge. Appellee then moved for summary judgment on the ground that appellants' pleadings on file were defective under Tex.R.Civ.P.Ann. 93 (requiring a sworn denial), 166a, and 185 (1976 & Supp.1990). A hearing was set on appellee's motion for February 21, 1990, at 9:00 a.m. On February 14, appellants filed an amended answer to appellee's original petition. In the attached affidavit, appellants' attorney swore that, to the best of his knowledge, each and every item stated in the original petition was not just and true. At 9:08 a.m. on the day of the hearing, appellants filed a second amended answer to appellee's amended petition containing each appellant's sworn denial. The trial court's order granting summary judgment was file-stamped at 9:37 a.m. on the same day. The court recited in the order that appellants' pleadings on file were defective as a matter of law under Tex.R.Civ.P.Ann. 93 and 185 (Supp.1990).

The parties' only argument is over the effect the trial court should have given appellants' second amended answer. Appellants claim that because Rule 185 permitted them to file the amendment as of right on the day of the summary judgment

hearing, the trial court was obligated to consider it. Appellee argues that appellants' amendment was subject to the seven-day rule for filing amended pleadings, Tex.R.Civ.P.Ann. 63 (1979), and to the necessity of obtaining leave to file before the court could consider it.

It is apparent from the record that the second amended answer was filed, and the recorded instrument is contained in the transcript on appeal. However, the court's judgment, based on appellants' failure to file a sworn denial under Rule 93, demonstrates that the trial court disregarded their second amended answer. We must then decide whether, in a suit on a sworn account for which summary judgment is sought based on lack of a sworn denial, Rule 185 or Rule 63 governs the time for filing an amended answer. One court has held that Rule 185 governs the time for filing an amended answer in this situation. *Magnolia Fruit & Produce v. Unicopy Corp.*, 649 S.W.2d 794 (Tex.App.1983, writ dism'd). Other courts have held that Rule 63 governs the filing of pleadings in the same situation. *Bruce v. McAdoo*, 531 S.W.2d 354 (Tex.Civ.App.1975, no writ); *Jones v. Houston Materials Company*, 477 S.W.2d 694 (Tex.Civ.App.1972, no writ).

Rule 63, which applies to amendments in civil cases, requires that a party file amended pleadings more than seven days before trial unless leave of court is granted for a later filing. A summary judgment proceeding is a trial within the meaning of Rule 63. *Claude Regis Vargo Enterprises, Inc. v. Bacarisse*, 578 S.W.2d 524 (Tex.Civ.App.1979, writ ref'd n.r.e.); *Leche v. Stautz*, 386 S.W.2d 872 (Tex.Civ.App.1965, writ ref'd n.r.e.).

When *Magnolia* was decided, Tex.R.Civ.P. 185 (1976), which applies to suits on an account, provided that a plaintiff's sworn petition shall be prima facie evidence unless

the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath ...; provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time.

The amendments to Rule 185, effective April 1, 1984, deleted all language concerning filing a sworn denial before an announcement of ready on the day of trial. The current Tex.R.Civ.P.Ann. 185 (Supp. 1990), which applies to this cause, states in part:

A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim. . . .

The court in *Magnolia* reasoned that, in light of the apparent conflict between the provisions of former Rule 185 and Rule 63, the special rule applying only to sworn accounts, Rule 185, should prevail over the general rule applying to all civil cases, Rule 63. However, the amendment to Rule 185 that deleted the specific language relating to the time of filing sworn denials also eliminated the apparent conflict with Rule 63. Instead, current Rule 185, by providing that sworn denials should be governed by the general rules of pleading, directs us to Rule 63. Therefore, we decline to follow the holding in *Magnolia*.[1] We hold instead that, under Rule 185 as amended in 1984, when summary judgment is sought in a sworn account suit based on lack of a sworn denial, the time for filing an amended pleading is governed by Rule 63.

Having determined that Rule 63 governs the time for filing a sworn denial in this cause, we observe that appellants' second amended answer, filed less than seven days before the date of hearing, was untimely. However, the record does not show that appellants sought leave of the trial court to

---

1. We recognize that another court, after the 1984 amendment to Rule 185, has cited *Magnolia*, 649 S.W.2d 794, for the proposition that a defendant in this situation may file an amended answer on the day of trial. However, this statement was made as dictum rather than as a binding determination of the court. *Requipco, Inc. v. Am–Tex Tank & Equipment, Inc.*, 738 S.W.2d 299 (Tex.App.1987, writ ref'd n.r.e.).

file their answer, as required by Rule 63. In view of their failure to obtain leave of the trial court to file the amended pleading, the court did not err in refusing to consider appellants' sworn denial. *Energo Intern. Corp. v. Modern Indus. Heating,* 722 S.W.2d 149 (Tex.App.1986, no writ); *Claude Regis Vargo Enterprises, Inc., supra; Bruce v. McAdoo, supra.* We overrule the point of error.

The judgment of the trial court is affirmed.