OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 7, 2000

The Honorable Charles D. Penick
Criminal District Attorney
Bastrop County
804 Pecan Street
Bastrop, Texas 78602

Opinion No. JC-0246

Re: Amount of credit for time served in a county jail for failure to pay a fine assessed for a Class C misdemeanor (RQ-0184-JC)

Dear Mr. Penick:

You have requested our opinion regarding the amount of credit that should be awarded to a convicted defendant for time served in a county jail for failure to pay a fine assessed for a Class C misdemeanor. Pursuant to article 45.048 of the Code of Criminal Procedure, we conclude that a defendant should be credited at the rate of not less than $100 per day for each day or part of a day served in jail.

You indicate that, in accordance with article 43.09 of the Code of Criminal Procedure, the Bastrop County Jail is "crediting to all inmates convicted of a crime who fail to pay their fine an amount of only $50 per day. This policy includes those inmates convicted of Class C Misdemeanors." Letter from Honorable Charles D. Penick, Bastrop County Criminal District Attorney, to Office of the Attorney General, Opinion Committee (Feb. 4, 2000) (on file with Opinion Committee). The issue you pose is whether article 43.09 is the statute that applies to persons convicted of Class C misdemeanors, in light of article 45.048 of the Code of Criminal Procedure, which is specifically applicable to persons convicted in justice and municipal courts.

Chapter 43 of the Code of Criminal Procedure constitutes the *general law* applicable to "execution of judgment" in criminal cases. Article 43.09(a) provides, in relevant part:

> When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine or is confined in a jail after conviction of a felony for which a fine is imposed, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the county jail industries program, in the workhouse, or on the county farm, or public improvements and maintenance projects of the county or a political subdivision located in whole or in part in the county, as provided in the succeeding article; or if there be no such county jail industries program, workhouse, farm, or improvements and maintenance

> projects, *he shall be confined in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him*; rating such confinement at $50 for each day and rating such labor at $50 for each day . . . .

TEX. CODE CRIM. PROC. ANN. art. 43.09(a) (Vernon Supp. 2000) (emphasis added). In addition, article 43.09 confers broad discretion on the sentencing court to, for example, "grant an additional two days credit for each day served to any inmate participating in an approved work program . . . or a rehabilitation, restitution, or education program," and "to discharge all or part of the fine or costs by performing community service" at the rate of $100 for each eight hours of service. *Id.* art. 43.09(d), (f), (k). Section (a) was last amended in 1993[1] and subsection (k) was amended in 1999 to increase the credit for eight hours of community service from $50 to $100.[2]

Your inquiry focuses on Class C misdemeanors. A Class C misdemeanor is one in which the maximum permissible punishment is a fine not to exceed $500, and it is not punishable by confinement. *See* TEX. PEN. CODE ANN. § 12.23 (Vernon 1994). Justice courts have original jurisdiction in criminal cases in which the punishment is by a fine or other sanction that does not include confinement. *See* TEX. CODE CRIM. PROC. ANN. art. 4.11 (Vernon Supp. 2000). A municipal court has "exclusive original jurisdiction within the territorial limits of the municipality in all criminal cases" punishable by fine only, with the maximum fine not to exceed $500, or in certain cases, $2000. *Id.* art. 4.14. County courts do not have jurisdiction in any case in which the fine to be imposed does not exceed $500. *See id.* art. 4.07. Thus, only justice and municipal courts have jurisdiction of Class C misdemeanors.

Chapter 45 of the Code of Criminal Procedure deals exclusively with "justice and municipal courts." Article 45.002 thereof declares:

> Criminal proceedings in the justice and municipal courts *shall be conducted in accordance with this chapter, including any other rules of procedure specifically made applicable to those proceedings by this chapter.* If this chapter does not provide a rule of procedure governing any aspect of a case, the justice or judge shall apply the other general provisions of this code to the extent necessary to achieve the objectives of this chapter.

*Id.* art. 45.002 (emphasis added). Chapter 45 was extensively rewritten in 1999, and many previous provisions were renumbered as well as amended.[3] Former article 45.53 was redesignated as article

---

[1] *See* Act of May 20, 1993, 73d Leg., R.S., ch. 578, § 2, 1993 Tex. Gen. Laws 2188, 2189.

[2] *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 3, 1999 Tex. Gen. Laws 5314.

[3] *See id.* § 6, at 5315.

45.048[4] and amended to increase the credit for time served from $15 per day to "not less than" $100 per day:

> A defendant placed in jail on account of failure to pay the fine and costs shall be discharged on habeas corpus by showing that the defendant:
>
> (1) is too poor to pay the fine and costs; or
>
> (2) has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of not less than $100 for each day or part of a day of jail time served.

TEX. CODE CRIM. PROC. ANN. art. 45.048 (Vernon Supp. 2000). Likewise, the credit in justice and municipal court for eight hours of community service was increased from $50 to $100. *Id.* art. 45.049.

When a statute makes a general provision that is apparently applicable to all criminal cases and another statute makes a different provision for particular cases, the latter prevails insofar as the particular case or class is concerned. *See Magnolia Fruit & Produce Co., Inc. v. Unicopy Corp. of Tex.*, 649 S.W.2d 794, 797 (Tex. App.–Tyler 1983, writ dism'd); *White v. Sturns*, 651 S.W.2d 372, 374 (Tex. App.–Austin 1983, writ ref'd n.r.e.).

In the situation you pose, the amount of credit to be awarded for jail time served as a result of a proceeding in a justice or municipal court is the more specific provision. Because article 45.002 makes chapter 45 applicable to proceedings in justice and municipal courts to the exclusion of other provisions (particularly article 43.09), it is clear that article 45.048 is the statute to be applied to determine the amount of credit to be awarded to a defendant convicted of a Class C misdemeanor for time served in a county jail. Thus, in answer to your specific question, a defendant who is sentenced to county jail for failure to pay a fine assessed as a result of conviction for a Class C misdemeanor should be credited at a rate of not less than $100 for each day or part of a day served in jail.

---

[4]*See id.* § 48, at 5323.

## S U M M A R Y

A defendant who is sentenced to county jail for failure to pay a fine assessed as a result of conviction for a Class C misdemeanor should be credited at a rate of not less than $100 for each day or part of a day served in jail.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee