**WORTHAM INDEPENDENT SCHOOL DIST. et al. v. STATE ex rel. FAIRFIELD CONSOL. INDEPENDENT SCHOOL DIST. et al.**

No. 3071.

Court of Civil Appeals of Texas. Waco.

Dec. 4, 1952.

W. W. Mason, Mexia, Bradley & Geren, Groesbeck, for appellants.

Bowlen Bond, Teague, Elmer McVey, County Atty., Fairfield, Wayne Lawrence, Teague, Ralph W. Yarborough, Austin, for appellees.

HALE, Justice.

This is an attempted appeal from a final judgment rendered in a proceeding which was instituted on an information in the nature of a quo warranto. For a full statement of the issues involved in the case we refer to the opinion of this court on a former appeal as reported in Wortham Independent School Dist. v. State ex rel. Fairfield Consolidated Independent School Dist., 244 S.W.2d 838 (error refused n. r. e.).

On August 18, 1952, the 87th Judicial District Court of Freestone County, being of the opinion that the issues in the case were res judicata by reason of the prior judgment involved on the former appeal, rendered and entered its final judgment, decreeing the acts of appellants in attempting to detach certain territory from the Fairfield Consolidated Independent School District to be illegal, null and void and permanently enjoining appellants from any further effort to accomplish the attempted disannexation. Appellants duly excepted to the judgment and decree and gave notice of appeal therefrom at the time when the same was signed and entered by the court below on August 18, 1952, but they did not file any transcript in this court until October 1, 1952, and they did not at any time file any motion for an extension of time within which to file the transcript. Appellees have filed their motion herein to dismiss the appeal upon the ground that the transcript was not filed in this court within twenty days after final judgment, as required by Rule 384, Texas Rules of Civil Procedure.

In our opinion, the motion of appellees to dismiss is well taken and must be granted. We think the requirements of Rule 384 with respect to appeals in quo warranto proceedings are mandatory and

jurisdictional and that a failure to file the transcript in the Court of Civil Appeals within the time or under the conditions therein specified is fatal to an attempted appeal. Our opinion is based in part upon the prior holding in the following cases: State ex rel. Crawford v. Wagner, 203 S. W.2d 795 (er. ref.); Mathis Independent School Dist. v. Odem Independent School Dist., Tex.Civ.App., 222 S.W.2d 270.

Accordingly, the motion of appellees to dismiss is granted and the attempted appeal is hereby dismissed.

LESTER, C. J., took no part in the consideration or disposition of this case.