The STATE of Texas on the relation of BURNET COUNTY et al., Appellants,

v.

BURNET COUNTY HOSPITAL AUTHORITY et al., Appellees.

No. 11991.

Court of Civil Appeals of Texas, Austin.

May 9, 1973.

Rehearing Denied June 6, 1973.

Alvin Nored, Lynch, Nored, Martin & Millican, Lampasas, Louis M. Crump, Dist. Atty., Burnet, for appellants.

Robert A. Rowland, Mueller & Rowland, Austin, for appellees.

O'QUINN, Justice.

This suit was instituted as a *quo warranto* proceeding upon the relation of Burnet County and four individuals to test the right of seven named defendants to hold office as directors of the Burnet County Hospital Authority.[1]

---

[1] The State of Texas, by Louis Crump, district attorney for the 33rd Judicial District of Texas, on the relation of Burnet County, D. V. Hammond, Mrs. Anne Mae Glimp, C. C. Larry, and John P. Larsen, filed the *quo warranto* petition, naming as respondents-defendants Burnet County Hospital Authority, organized under Article 4494r, Vernon's Ann.Tex.St., in Burnet County, and Jim Luther, Ray Pressley, Alfred Frazier, Robert E. Brewer, Raymond Jones, and Glenn Anthony.

Trial was to a jury, but at the conclusion of the evidence the trial court on its own motion withdrew the case from the jury and entered judgment. The effect of the judgment was to oust three of the seven individual defendants as directors of the hospital Authority, leaving selection of the directors to remain and those to be ousted to decision of a majority of the board, and ordered that three of the four individual plaintiffs be installed as directors of the hospital board.

The judgment further provided that all directors serve for terms of two years, with the terms staggered, and directed that four directors of the seven-member board be appointed by a majority of the hospital board and that three members be appointed by the Commissioners' Court of Burnet County. All the petitioning plaintiffs and all defendants excepted to the judgment and gave notice of appeal.

Petitioners below, as appellants in this Court, perfected their appeal and filed their motion to dismiss the appeal of respondents below on the ground that by reason of respondents' failure to fulfill the requirements of Rule 384, Texas Rules of Civil Procedure, this Court is without jurisdiction. Rule 384 prescribes that appeal in a *quo warranto* proceeding "shall be perfected and the transcript and statement of facts filed in the Court of Civil Appeals within twenty days after final judgment or order overruling motion for new trial."

 Judgment was entered May 9, 1972, and respondents filed their motion for new trial May 18, 1972. The motion was not amended, time for hearing was not enlarged by agreement of the parties, and the motion was overruled by operation of law July 3, 1972. Rule 329b(3), Texas Rules of Civil Procedure. Respondents filed their transcript and statement of facts on

August 7, 1972, more than twenty days after motion for new trial was overruled.

 Respondents did not file a motion in this Court within the twenty-day period, or within five days thereafter, showing good cause for delay in filing the transcript and statement of facts, as permitted by Rule 384. The procedure prescribed by Rule 384 is mandatory and jurisdictional. State ex rel. Crawford v. Wagner, 203 S. W.2d 795, 797 (Tex.Civ.App. San Antonio 1947, writ ref.). The appeal of respondents below is dismissed. The cause will be disposed of on the basis of appeal by petitioners below, with respondents below in the role of appellees.

Appellants present seven points of error which in the main constitute an attack on certain provisions of the County Hospital Authority Act of Texas (Art. 4494r, V.A. T.S.; Acts 1963, 58th Leg., p. 324, ch. 122), as being in violation of the Constitution of Texas and against public policy. We will overrule all points of error and affirm the judgment of the trial court.

The Commissioners' Court of Burnet County created the Burnet County Hospital Authority, pursuant to provisions of Article 4494r, on October 26, 1965. The Commissioners' Court provided that the Hospital Authority would be governed by a board of directors consisting of seven members, the minimum number of directors authorized by the statute.

Section 4 of Article 4494r provides for the number, appointment, terms, and expenses of directors of every hospital authority created under the Act. Section 4 is set out in full.

(a) "The Authority shall be governed by a Board of Directors consisting of not less than seven (7) nor more than eleven (11) members to be determined at

---

The petition recited that the proceeding was instituted to meet contentions raised in a different cause pending in district court of Burnet County (Burnet County

v. Burnet County Hospital Authority et al., Docket No. 5506) that only by *quo warranto* action could the issues be heard by the court.

the time of creating the Authority. Except as hereinafter in this Section provided, the first Directors shall be appointed by the Governing Body of the County, and they shall serve until their successors are appointed as hereinafter provided. When the Authority issues its revenue bonds the resolution authorizing the issuance of the bonds or the Trust Indenture securing them may prescribe the method of selecting and the term of office of a majority of the members of the Board. The remaining members of the Board shall be appointed by the Governing Body of the County. The Trust Indenture may also provide that, in event of default as defined in the Trust Indenture, the Trustee may appoint all of the Directors, in which event the terms of the Directors then in office shall automatically terminate. Unless and until provision is made in the Bond Resolution or Indenture in connection with the issuance of bonds for the appointment by other means of part of the Directors, all of the Directors shall be appointed by the Governing Body of the County for terms not to exceed three (3) years, but the terms of Directors appointed prior to issuance of the first issue of revenue bonds shall be subject to the exercise of the provision herein made for appointment of a majority of the members of the Board in connection with the issuance of the bonds. No officer or employee of any such County shall be eligible for appointment as a Director. Directors shall not receive compensation for services but shall be entitled to reimbursement of their expenses incurred in performing such service.

(b) In the event the Authority purchases from a nonprofit corporation a hospital then in existence or in process of construction, the first members of the Board of Directors and their successors shall be determined as provided in the contract of purchase."

In its resolution creating the Burnet County Hospital Authority, the Commissioners' Court appointed seven members of the board of directors and provided for terms of three years, the statutory maximum, unless different provisions should be made subsequently in a bond resolution. Five of the seven directors named by the Commissioners' Court were at that time members of the board of directors of Shepperd Memorial Hospital, Inc.

The directors of Shepperd Memorial Hospital authorized sale of its property to the Burnet County Authority by resolution passed April 13, 1967, about eighteen months after the Authority was created, and on December 28, 1967, conveyed its land and buildings to the Authority. Attached to the deed of conveyance was a resolution of the Shepperd Hospital directors stating that a majority of the board of directors of the Authority thereafter would be selected by a majority of the board and that the Commissioners' Court should never have the right to select a majority of the members.

Meanwhile, on December 11, 1967, the Commissioners' Court adopted an order amending its order of October 26, 1965, under which the Hospital Authority was created, reducing the term of office for board members of the Authority from three to two years. On the same day the Commissioners' Court reappointed all members of the board previously named for additional terms of two years from December 11, 1967. Earlier, on October 1, 1967, the Hospital Authority authorized the issuance of bonds and executed a trust indenture securing the bonds. On December 28, 1967, the date of transfer by Shepperd Memorial of its property to the Authority, the directors of the Authority adopted a resolution stating that a majority of the board of the Authority would be selected thereafter by a majority of the directors of the Authority. This action was consistent with the resolution, noted above, adopted by the Shepperd Memorial board simultaneously

with transfer of its property to the Authority.

Appellants contend that a right of local self government established in the Constitution of Texas is denied by Article 4494r in permitting a majority of the directors of the Authority to be named by a majority of the board and not by the Commissioners' Court, composed of officers elected by the people. The provisions of the Constitution relied on by appellants are Article I, section 16, forbidding bills of attainder, *ex post facto* laws, and laws impairing the obligation of contracts; Article II, section 1, providing for division of powers, which are legislative, executive, and judicial; Article V, section 24, providing for removal of county officers; Article IX, section 4, authorizing county wide hospital districts; Article XVI, section 1, prescribing the oath of office for members of the Legislature and other elected officers and the oath of the secretary of state and other appointed officers; and Article XVI, section 30, fixing the duration of office.

No provision cited and relied on by appellants precludes the Legislature from making a law, governing the creation and conduct of county hospital authorities, which provides for appointment or election of the governing board of an authority in the manner stated in Article 4494r.

The Supreme Court of Texas in 1903 held that the Legislature was not forbidden by the Constitution to enact laws providing for the appointment of the governing body of a city by the governor of the state. Brown v. City of Galveston, 97 Tex. 1, 75 S.W. 488. The principle stated in *Brown* is that the Legislature may exercise all law-making power not forbidden expressly or by implication by provisions of the Constitution. The declaration in the Constitution of the right of self-government, the Supreme Court stated, "has reference to the people of the state, and not to the people of any portion of it." The political power "inherent in the people," the Court said, "does not mean that political power is

inherent in a part of the people of a state, but in the body, who have the right to control, by proper legislation, the entire state and all of its parts." (75 S.W. 495)

The rule of Brown v. City of Galveston, as applied to home rule cities, was set aside of course after adoption of section 5, Article XVI, of the Constitution. State v. Vincent, 217 S.W. 402 (Tex.Civ.App. Amarillo 1920, affirmed 235 S.W. 1084, Tex.Com.App., opinion adopted, 1921). The home rule amendment of the Constitution (Art. XVI, sec. 5) reserved to the Legislature power to limit the rights of local self government by general laws. Dry v. Davidson, 115 S.W.2d 689 (Tex.Civ.App. Galveston 1938, writ ref.). The inhabitants of a home rule city may by charter surrender their right to fill vacancies occurring in the city council and delegate to a majority of the remaining members of the council authority to fill vacancies. Austin v. Welch, 480 S.W.2d 273 (Tex. Civ.App. Houston 14th 1972, no writ).

██ But it seems firmly established that the inherent right of local self government, as distinguished from the right as it may be stated in a written constitution, does not exist. The Supreme Court of the United States in 1922 held that "In the absence of state constitutional provisions safeguarding it to them, municipalities have no inherent right of self-government which is beyond the legislative control of the state," and that the municipality, being a creature of the state, exercises and holds powers and privileges subject to the sovereign will. City of Trenton v. State of New Jersey, 262 U.S. 182, 187, 43 S.Ct. 534, 537, 67 L.Ed. 937. This principle is applicable to county hospital authorities created pursuant to Article 4494r.

██ In contending that the directors of the Authority in this case have the right to make all appointments to the membership of the board, the appellees rely on subsection (b) of section 4, Article 4494r, which provides that board members of a hospital authority may be determined as provided in

the contract of purchase by the authority of a hospital, in existence or under construction, from a nonprofit corporation. We hold that the board of directors of Burnet County Hospital Authority was organized under subsection (a), pursuant to which the directors issued bonds and executed a trust indenture as provided in that subsection, and that subsection (b) of Section 4 is inapplicable to the facts.

■ The same conclusion was reached by the Attorney General of Texas in a written opinion in 1970 upon the identical facts. (Opinion No. M–549, January 7, 1970) In that opinion the Attorney General advised the county attorney of Burnet County that " . . . vacancies occurring on the Board of Directors of the Burnet County Hospital Authority shall be filled in the manner prescribed in Subsection (a) of Section 4 of Article 4494r . . . and the Trust Indenture executed and filed pursuant thereto, and a majority of the members will be appointed by the Board of Directors and the remaining members will be appointed by the Commissioners' Court of Burnet County."

The trust indenture executed and filed pursuant to Article 4494r provided that four members, a majority, of the board of directors "shall be appointed for terms of two years each by a majority vote of the Board of Directors" and also provided the manner of establishing staggered terms for these directors. The record does not disclose that either the appellants or the appellees introduced the trust indenture at the trial, but we find the section referred to (Sec. 12.06) set out in the Attorney General's opinion of 1970.

At the trial and on appeal the parties have assumed opposing positions, neither of which is compatible with subsection (a) of Section 4, Article 4494r. Appellants insist that all directors of the Authority should be named by the Commissioners' Court of Burnet County, and appellees' position is that all board members should be chosen by a majority of the directors.

The trial court, after hearing the evidence, withdrew the case from the jury and entered judgment, stating in the judgment that "neither party had requested a proper issue to be submitted to the jury." The trial court reached the same result in its judgment that the Attorney General stated in 1970 in his advice to Burnet County and directed that after a majority of the board had selected four members of the board, the remaining three members would be named by the Commissioners' Court.

■ Appellants complain, in addition to the matters already considered, that the trial court, in directing that members of the board shall serve for staggered terms, sought to legislate on the subject of terms. We overrule the contention. It is apparent to this Court that the trial court, in its discretion, found it necessary to give specific directions to the parties as to how they would comply with the court's orders. The parties had been advised by the Attorney General in 1970 and declined to follow the advice. At the trial the court found neither party requesting a proper issue to be submitted to the jury. After judgment, both groups sought to appeal to this Court. Without instructions from the court as to staggered terms, only confusion and disagreement, perhaps further litigation, could attend efforts of the parties to carry out the terms of the judgment.

It is obvious to this Court that the parties are unable or unwilling to agree on any course without total capitulation by one group to the other. It remains for the courts to prescribe a course which under the law the parties will follow in naming persons to serve on the board of directors of the Burnet County Hospital Authority. We conclude that the trial court correctly stated that course and properly instructed the parties how to conform to the judgment.

The judgment of the trial court is in all things affirmed.

Affirmed.