The STATE of Texas on the relation of Lawrence WATKINS, Appellant,

v.

C. B. MORGAN, Appellee.

No. 5811.

Court of Civil Appeals of Texas, Waco.

Aug. 31, 1977.

Rehearing Denied Sept. 8, 1977.

Walter Dick Kettler, Hall, Terrell & Kettler, Felipe Reyna, Dist. Atty., Waco, for appellant.

J. David Dickson, Haley, Fulbright, Winniford, Bice & Davis, Waco, for appellee.

HALL, Justice.

This is a quo warranto proceeding. It was prosecuted by the State of Texas on the relation of Lawrence Watkins to oust appellee C. B. Morgan from the office of Mayor of the City of Beverly Hills and install Lawrence Watkins therein. After a hearing without a jury, judgment was rendered on July 22, 1977, that the State and Watkins take nothing. Motion for new trial was not filed by any party.

The State brought this appeal. Neither a transcript nor a statement of facts has been filed. However, a motion for extension of time to file transcript and statement of facts was filed with us by the State on August 19, 1977. We overrule this motion and dismiss the appeal for want of jurisdiction.

Rule 384, Vernon's Tex.Rules Civ. Proc., provides as follows:

In an appeal in a quo warranto proceeding the appeal shall be perfected and the transcript and statement of facts filed in the Court of Civil Appeals within twenty days after final judgment or order overruling motion for new trial; provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, the court may grant a reasonable extension of time in which to file the record or any part thereof.

The timetable set forth in Rule 384 is mandatory and jurisdictional to a quo warranto appeal. *State ex rel. Crawford v. Wagner,* 203 S.W.2d 795, 797 (Tex.Civ.App. —San Antonio 1947, writ ref.); *State ex rel. Burnet County v. Burnet County Hospital Authority,* 495 S.W.2d 300, 302 (Tex.Civ. App.—Austin 1973, writ ref'd n. r. e.); *Wortham Independent School District v. State,* 253 S.W.2d 495 (Tex.Civ.App.—Waco 1952, no writ). Because the State did not meet it, we are without jurisdiction in this case to grant the motion for extension of time to file the record or to entertain the appeal.

The State argues that because its motion for extension of time was filed within fifteen days of the date the transcript and statement of facts were due to be filed, the motion was timely under the provisions of Rule 21c, Vernon's Tex.Rules Civ.Proc., and is therefore properly before us. We disagree.

Rule 21c provides as follows:

The failure of a party to timely file a transcript, statement of facts, motion of rehearing in the court of civil appeals or application for writ of error, will not authorize a dismissal or loss of the appeal if the defaulting party files a motion reasonably explaining such failure in the court whose jurisdiction to make the next ruling in the case would be affected by such failure. Said motion must be filed within fifteen (15) days of the last date for timely filing provided in the applicable rule or rules sought to be avoided, although it may be acted upon by the court at a date thereafter.

Rule 21c applies to the appeals of civil cases, generally. Rule 384 sets forth a timetable specifically governing appeals in quo warranto proceedings. Where a general statute and a specific statute conflict, the specific controls over the general. *Sam Bassett Lumber Co. v. City of Houston,* 145 Tex. 492, 198 S.W.2d 879, 881 (1947); *Townsend v. Terrell,* 118 Tex. 463, 16 S.W.2d 1063 (Tex.Com.App.1929, opinion adopted).

The State's motion for extension of time to file transcript and statement of facts is overruled, and this appeal is dismissed for want of jurisdiction.