

# The Attorney General of Texas

June 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4624 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-188

Re: Fees collected in connection with handling of hot checks.

Dear Mr. Resweber:

You ask our opinion on the following questions:

(1) May the Harris County Auditor prescribe or require the deposit of the fees collected by the Harris County District Attorney pursuant to Vernon's Ann. C.C.P. art. 53.08, in Fund 521, District Attorney Administration Fund, or in the Officers Fee Fund, pursuant to Art. 3912e, Sec. 5, V.A.C.S.?

(2) May the County Auditor prescribe accounting and control procedures for the fees collected pursuant to Vernon's Ann. C.C.P. art. 53.08?

(3) May the County Auditor prescribe accounting and control procedures for the Justices of the Peace as they pertain to the fees collected in the processing of hot checks for and on behalf of the District Attorney?

(4) May the County Auditor prescribe that a fee be assessed and collected under Vernon's Ann. C.C.P. art. 53.08, Sec. (a)(2)(b), in each and every instance in order to have proper accounting and controls for all fees?

Article 53.08, Code of Criminal Procedure, provides in pertinent part:

(a) A . . . district attorney . . . may collect a fee if his office collects and processes a check or similar sight order if the check or similar sight order:

(1) has been issued or passed in a manner which makes the issuance or passing an offense. . . .

. . . .

(e) Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the . . . district attorney. . . . Expenditures from this fund shall be at the sole discretion of the attorney, and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the . . . district attorney . . . supplement his or her own salary from this fund. Nothing in this Act shall be construed to decrease the total salaries, expenses, and allowances which a prosecuting attorney's office is receiving at the time this Act takes effect.

Acts 1979, 66th Leg., ch. 734, § 1, at 1802.

You advise us that "on September 6, 1979, the Harris County Commissioners Court adopted an Order establishing Fund 521, District Attorney Administration Fund, for the purposes of depositing the fees collected in the processing of hot checks, and that these funds be deposited periodically into the General Fund to help defray the operational expenses of the District Attorney's office."

Article 3912e, section 5, V.T.C.S., provides in pertinent part:

It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. . . .

Article 3912e, section 5, conflicts with article 53.08, section (e), where it requires that fees collected "be deposited in the Officers' Salary Fund, or funds provided in this Act." The more specific and more recently enacted statute, article 53.08, prevails as an exception to section 5. State ex rel. Watkins v. Morgan, 555 S.W.2d 217 (Tex. Civ. App. — Waco 1977, writ ref'd n.r.e.); Texas State Board of Pharmacy v. Kittman, 550 S.W.2d 104 (Tex. Civ. App. — Tyler 1977, no writ); Attorney General Opinion H-834 (1976). As a result, the fees in question should be deposited in the District Attorney's Administration Fund for use in his sole discretion.

Article 1656a, V.T.C.S., provides in part that

The County Auditor . . . shall prescribe the system of accounting for the county and the forms to be used by the District Clerk, District Attorney and all county and precinct officers and by all persons in the collection and disbursement of county revenues,

> funds, fees, and all other moneys collected in an official capacity whether belonging to the county, its subdivisions or precincts,or to, or for the use or benefit of, any person, firm, or corporation; he shall prescribe the mode and manner in which the District Clerk, District Attorney and all county and precinct officers shall keep their accounts, and he shall have the power to require all officers to furnish monthly, annual, or other reports under oath of all moneys, taxes, or fees of every nature received, disbursed, or remaining on hand; and in connection with such reports he shall have the right to count the cash on hand with such officer, or to verify the amount on deposit in the bank in which such officer may have placed the same for safekeeping. He shall have the power to adopt and enforce such regulations not inconsistent with the Constitution and laws as he may deem essential to the speedy and proper collection and checking of, and accounting for, the revenues and other funds and fees belonging to the county or to any person, firm, or corporation for whom any of said officers may have made collections, or for whose use or benefit they may have received or may hold such funds. (Emphasis Added)

Article 1656a, which applies to counties with population in excess of 190,000, clearly gives the auditor discretion to prescribe procedures for the deposit of fees and disbursement of funds provided for in article 53.08, section (e), Code of Criminal Procedure. See Attorney General Opinion H-183 (1973). We find no conflict between the district attorney's limited statutory discretion to determine the purpose for which expenditures from the fund are to be made and the auditor's statutory power to prescribe accounting and control procedures for making deposits and disbursements.

Likewise, the auditor may prescribe accounting and control procedures as they pertain to Justices of the Peace for any fees which may be lawfully collected by them in the processing of hot checks for and on behalf of the District Attorney.

Article 6252-24, V.T.C.S., relates to "Collecting debts for others," and provides in part:

> Any Justice of the Peace, sheriff, constable or other peace officer in this State, who shall receive for collection or undertake the collection of any claim for debt for others except under and by virtue of the processes of law prescribing the duties of such officers, or who shall receive compensation therefor except as prescribed by law, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than Two Hundred Dollars nor more than Five Hundred Dollars, and in addition to such fine may be removed from office.

While the clear language of this statute prohibits a justice of the peace from the collection of private debts, or from collecting restitution on dishonored checks, See

Lombardino v. Fireman's and Policeman's Civil Service Commission of the City of San Antonio, 310 S.W.2d 651 (Tex. Civ. App. 1958, error ref'd n.r.e.), and Attorney General Opinion C-190 (1963), a justice of the peace may receive certain fees and costs on behalf of the county or its officers which must be paid over to the parties entitled to receive them, and he may "become the custodian of funds paid into the registry of his court during the progress of a suit, to await its final determination." Cf. Bray-Robinson-Curry Woolen Mills v. W. F. Walker & Son, et al, 165 S.W. 107 (Tex. Civ. App. — Texarkana 1914, no writ).

The ministerial function of collecting fines and fees in behalf of the county or its officers in matters pending within his court and within his jurisdiction, which must be paid over to the county treasurer at stated intervals, is not one of the prohibited acts contemplated by article 6252-24, and the auditor is empowered by article 1656a to prescribe accounting and control procedures therefor.

While article 1656a, V.T.C.S., empowers the county auditor to prescribe the "system of accounting" and the "mode and manner" in which "all officers" in the county make collections and disbursement of funds, he does not have the power to impose a fee or require that a fee be assessed and collected in each and every instance under article 53.08, section (a)(2)(b), Code of Criminal Procedure, which provides:

> The county attorney, district attorney, or criminal district attorney may collect the fee from any person who is a party to the offense described. . . .

### SUMMARY

The Harris County auditor may prescribe accounting and control procedures for all fees collected pursuant to article 53.08, Code of Criminal Procedure, including their deposit in Fund 521, District Attorney Administration Fund. The county auditor may prescribe accounting and control procedures for justices of the peace as they pertain to the fees collected in the processing of hot checks for and on behalf of the district attorney.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Gammage &
C. Robert Heath
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Walter Davis
Susan Garrison
Rick Gilpin
Art Keinarth
Eva Loutzenhiser
Dan Mills
Linda Walden