

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-19-00879-CV

**CITY OF LEON VALLEY**,
Appellant

v.

Benny **MARTINEZ**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-08343
Honorable Peter Sakai, Judge Presiding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: August 19, 2020

DISMISSED FOR WANT OF JURISDICTION

After the Leon Valley city council removed Benny Martinez from his elected office as city council member, Place 4, it appointed a replacement, who was sworn in. Martinez sued. In his declaratory judgment action, Martinez sought to be reinstated to Place 4. The City filed a plea to the jurisdiction; it argued that a quo warranto proceeding was Martinez's exclusive remedy. The trial court denied the plea, and the City appeals.

---

[1] The Honorable Peter Sakai, presiding judge of the 225th Judicial District Court, signed the order being appealed. The Honorable Rosie Alvarado is the presiding judge of the 438th Judicial District Court.

Because Martinez's exclusive remedy was a quo warranto proceeding initiated by the State, the trial court lacked jurisdiction to hear Martinez's declaratory judgment suit. We reverse the trial court's order and dismiss Martinez's suit for want of subject matter jurisdiction.

## BACKGROUND

The City of Leon Valley operates under a home rule charter. Charter sections describe the qualifications for city council members, and section 3.12 describes the procedures for council investigations "into the official conduct of any . . . office, officers . . . of the City."

After the City received complaints from several City employees about Martinez's conduct, the city council investigated the complaints. The city council held several hearings, received testimony from several witnesses, and ultimately determined that Martinez had violated the city charter. The city council removed Martinez from Place 4, appointed a replacement, and the replacement was sworn in and began functioning.

Martinez sued. Citing article I, section 19 of the Texas Constitution, Martinez claimed the procedures used to remove him from office violated his due process rights. He sought a declaratory judgment "to determine [his] right to be reinstated following his removal [from Place 4]."

The City filed a plea to the jurisdiction arguing, inter alia, that Martinez's exclusive remedy to determine who is the proper person to hold Place 4 is a quo warranto proceeding, and the trial court lacked subject matter jurisdiction to hear Martinez's declaratory judgment action.

The trial court denied the City's plea, and the City appeals.

## PARTIES' ARGUMENTS

In its first issue, the City argues that a quo warranto action is Martinez's exclusive remedy to seek reinstatement to Place 4. In the City's view, because it is undisputed that Martinez initiated a declaratory judgment action rather than the State initiating a quo warranto proceeding, Martinez lacks standing and the trial court erred by failing to grant its plea to the jurisdiction.

Martinez argues that a quo warranto action is not his exclusive remedy. He asserts he "has independent standing to challenge the deprivation of his right to the office to which he was elected." He argues that the procedures used to remove him from office violated his due process rights under the Texas Constitution and he should be reinstated to Place 4.

Before we address the parties' arguments, we briefly recite the applicable law pertaining to reviewing a plea to the jurisdiction and the exclusive remedy nature of a quo warranto action.

### PLEA TO THE JURISDICTION, STANDARD OF REVIEW

"[S]tanding is a component of subject matter jurisdiction," *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993), and "[a] plaintiff's lack of standing may be challenged through a plea to the jurisdiction," *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015). The pleader has the burden "to allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *accord Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). "We construe the pleadings liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *accord Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

If the plea to the jurisdiction challenges the existence of jurisdictional facts, and the undisputed jurisdictional facts do not implicate the merits of the case, the trial court "make[s] the jurisdictional determination as a matter of law based solely on those undisputed facts." *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.) (citing *Miranda*, 133 S.W.3d at 228); *see also Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019).

"Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo.*" *Miranda*, 133 S.W.3d at 226.

## QUO WARRANTO

### A.      Action for Office Holders

"A writ of quo warranto is an extraordinary remedy available to determine disputed questions about the proper person entitled to hold a public office and exercise its functions." *State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 490 (Tex. 1996); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 66.001 (grounds for quo warranto). "The purpose of a quo warranto action involving officeholders is to determine disputed questions concerning the proper person entitled to hold a public office and exercise its functions." *State ex rel. Patterson v. Garcia*, No. 04-05-00001-CV, 2005 WL 605388, at *1 (Tex. App.—San Antonio Mar. 16, 2005, no pet.) (mem. op.).

### B.      Initiating Suit

"[T]he plain and unambiguous language of the quo warranto statute confers standing to lodge such a challenge on the State, not a private litigant." *Orix Capital Mkts., LLC v. Am. Realty Tr., Inc.*, 356 S.W.3d 748, 754 (Tex. App.—Dallas 2011, pet. denied). Specifically, the suit may be initiated only by the attorney general or the county or district attorney of the proper county. TEX. CIV. PRAC. & REM. CODE ANN. § 66.002; *Save Our Springs All., Inc. v. Lazy Nine Mun. Util. Dist. ex rel. Bd. of Dirs.*, 198 S.W.3d 300, 311 (Tex. App.—Texarkana 2006, pet. denied).

### C.      Exclusive Remedy

"Subject to a small number of exceptions, quo warranto is the *exclusive* remedy for the public to protect itself against the usurpation or unlawful occupancy of a public office and to challenge the authority of a public officer." *Robinson v. Neeley*, 192 S.W.3d 904, 909 (Tex. App.—Dallas 2006, no pet.) (emphasis added); *accord Norville v. Parnell*, 118 S.W.3d 503, 505 (Tex. App.—Dallas 2003, pet. denied) (citing *Hamman v. Hayes*, 391 S.W.2d 73, 74 (Tex. App.—Beaumont 1965, writ ref'd)). "A quo warranto proceeding is the *exclusive* remedy to test the right

of an officer to hold office. It may not be done by . . . a litigant upon the trial of a case." *Vick v. City of Waco*, 614 S.W.2d 861, 864 (Tex. App.—Waco 1981, writ ref'd n.r.e.) (emphasis added).

A "[q]uo warranto [action] has also been held to be the *exclusive* remedy to challenge the authority of a public officer in . . . cases in which a declaratory judgment is sought." *Rivera v. City of Laredo*, 948 S.W.2d 787, 790 (Tex. App.—San Antonio 1997, writ denied) (emphasis added) (citing *Lewis v. Drake*, 641 S.W.2d 392, 394 (Tex. App.—Dallas 1982, no writ) ("[Q]uo warranto is held to be the exclusive remedy to challenge the authority of a public officer . . . when a declaratory judgment is sought." (citations omitted))).

**DISCUSSION**

For his suit to survive the City's plea to the jurisdiction, Martinez's burden was to plead facts to show the trial court had subject matter jurisdiction over his suit. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

**A.      Appropriate Remedy**

In his live pleading, Martinez alleged that the procedures the City used to remove him from office denied him due process under article I, section 19 of the Texas Constitution, *see* TEX. CONST. art. I, § 19, for lack of proper notice and for failing to comply with the required number of votes to act. His live pleading asks the trial court to declare he was wrongfully removed because the City "fail[ed] to comply with its own city charter in removing him from his elected position."

But Martinez's attacks on the type of notice he should have been provided and the number of votes required to remove him from office are matters that must be raised in a quo warranto proceeding, not a declaratory judgment suit. *See Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991) ("Alexander's allegations directed at whether the service plan was adequate and whether a quorum was required to conduct the hearing are matters that could be raised in a direct attack by quo warranto, but are insufficient grounds for a private challenge."); *Save Our*

*Springs*, 198 S.W.3d at 311 ("Acts which are merely voidable rather than void, such as procedural irregularities, must be challenged through quo warranto proceedings brought by the State.").

Here, Martinez's attempt to be reinstated to Place 4 is an issue which may be raised only in a quo warranto proceeding. *See Alexander Oil*, 825; *Save Our Springs*, 198 S.W.3d at 311.

**B.    Distinguishing Martinez's Authorities**

Martinez relies on three cases to show that a quo warranto action is not his exclusive remedy, but none supports his argument.

*1.    Austin v. Welch*

In *Austin*, residents and qualified voters argued that the appointment of a replacement to fill an empty position on the city council was void, and they sought a writ of mandamus to require the city council to call a special election to fill the vacancy. *Austin v. Welch*, 480 S.W.2d 273, 274 (Tex. App.—Houston [14th Dist.] 1972, no writ). In its conclusion, *Austin* notes that "[u]nder the circumstances the exclusive method available to these plaintiffs to challenge [the replacement council member's] right to the office is a quo warranto proceeding." *Id.* at 276. *Austin* does not support Martinez's nonexclusive remedy argument.

*2.    Garza v. Garcia*

In *Garza*, our sister court decided that the mayor of Robstown was removed from office under a statute that did not apply to Robstown as a home rule city, and the city council's action was void. *Garza v. Garcia*, 785 S.W.2d 421, 422 (Tex. App.—Corpus Christi 1990, writ denied); *cf. Huntress v. McGrath*, 946 S.W.2d 480, 486 (Tex. App.—Fort Worth 1997, no writ) (analyzing *Garza* and distinguishing it on its facts).

Here, unlike *Garza*, the city council acted under the authority, or at least color of authority, of sections of the City's charter including section 3.12. Although Martinez argues the city council did not follow its own procedures and its procedures were flawed, his live pleading did not allege—

and we do not conclude—that the city council acted without *any* authority such that its action was void. *Cf. Save Our Springs*, 198 S.W.3d at 311 ("One exception to the general rule—[on the exclusive remedy nature of] quo warranto proceedings—is that acts, which are void, can be challenged in proceedings other than quo warranto proceedings.").

*Garza* does not support Martinez's nonexclusive remedy argument.

### 3.   Riggins v. City of Waco

Finally, Martinez cites *Riggins* for its proposition that courts "may inquire whether the council exceeded its lawful authority in the attempted removal [of an office holder] so that its actions may be treated as a nullity." *See Riggins v. City of Waco*, 93 S.W. 426, 427 (Tex. 1906). But *Riggins*'s proposition is merely acknowledging the exception to the general rule—that an action which is void, a legal nullity, is exempt from the quo warranto exclusive remedy rule. *Id.*; *cf. Save Our Springs*, 198 S.W.3d at 311. *Riggins* does not support Martinez's nonexclusive remedy argument.

## C.   Disposition

### 1.   *Appellate Review*

The City and Martinez disagree on the merits of his claims of due process violations, but the jurisdictional facts do not implicate the merits of Martinez's claims. *Cf. Poindexter*, 306 S.W.3d at 806. Further, the relevant jurisdictional facts are undisputed. *See id.* Thus, whether the jurisdictional facts affirmatively demonstrate the trial court's subject matter jurisdiction is a question of law we review de novo. *See Miranda*, 133 S.W.3d at 226.

### 2.   *Exclusive Remedy*

Martinez's exclusive remedy to seek reinstatement to Place 4 was a quo warranto action. *See Robinson*, 192 S.W.3d at 909 ("Subject to a small number of exceptions, quo warranto is the exclusive remedy for the public to protect itself against the usurpation or unlawful occupancy of a

public office and to challenge the authority of a public officer."); *Norville*, 118 S.W.3d at 505; *Rivera*, 948 S.W.2d at 790 (A "[q]uo warranto [action] has also been held to be the exclusive remedy to challenge the authority of a public officer in . . . cases in which a declaratory judgment is sought."); *Lewis*, 641 S.W.2d at 394 ("[Q]uo warranto is held to be the exclusive remedy to challenge the authority of a public officer . . . when a declaratory judgment is sought." (citations omitted)); *Vick*, 614 S.W.2d at 864 ("A quo warranto proceeding is the exclusive remedy to test the right of an officer to hold office."); *Willborn v. Deans*, 240 S.W.2d 791, 793 (Tex. App.—Austin 1951, writ ref'd n.r.e.).

### 3. *Undisputed Jurisdictional Facts Negate Jurisdiction*

The undisputed facts conclusively establish that Martinez chose a declaratory judgment action as his procedural vehicle to be reinstated to Place 4. *Contra* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002; *Save Our Springs*, 198 S.W.3d at 311. But a quo warranto proceeding was his exclusive remedy—which could be initiated only by the attorney general or the Bexar County District Attorney. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002; *Save Our Springs*, 198 S.W.3d at 311. Martinez's live pleading affirmatively negates the fact that his action is a quo warranto suit brought by the attorney general or the Bexar County District Attorney. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. §§ 66.001, .002; *Save Our Springs*, 198 S.W.3d at 311.

We necessarily conclude the trial court had no subject matter jurisdiction over Martinez's declaratory judgment action, and it erred by denying the City's plea to the jurisdiction. *Cf. Miranda*, 133 S.W.3d at 226; *Poindexter*, 306 S.W.3d at 806. We sustain the City's first issue.

### D. Other Matters

First, because we sustain the City's first issue, we need not address its other two issues—which also challenge the trial court's jurisdiction.

Second, during the pendency of the appeal, and before the City of Leon Valley rescheduled its May 2020 election to November 2020, Martinez moved this court to expedite our decision so that his case would not become moot. Martinez's motion is now moot.

## CONCLUSION

Martinez's live pleading sought a declaratory judgment that his due process rights under the Texas Constitution were violated when, as he alleged, the City failed to give him proper notice of the investigative hearings and failed to obtain the necessary votes required to remove him from office. Construing his pleadings in his favor, we nevertheless note that his procedural irregularities allegations could have been raised in a quo warranto action brought by the State, but his claims were not a proper basis for his private suit seeking relief by declaratory judgment.

Because the undisputed jurisdictional evidence conclusively negates the trial court's subject matter jurisdiction, the trial court erred in denying the City's plea. We reverse the trial court's order and dismiss Martinez's suit for want of jurisdiction.

Patricia O. Alvarez, Justice